UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Strike 3 Holdings, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE subscriber assigned IP address 32.214.60.231, <br><br> Defendant. | No. 3:18-cv-2125 (KAD) |

**ORDER REGARDING LEAVE TO SERVE THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

Plaintiff, Strike 3 Holdings, LLC, alleges that Defendant, John Doe, identified only by an IP address, committed copyright infringement by distributing Plaintiff's adult films using BitTorrent, a peer-to-peer file distribution network. (ECF No. 1.) By motion dated January 9, 2019, pursuant to Fed R. Civ. P. 26(d)(1), Plaintiff requested leave to serve a third-party subpoena on Defendant's internet service provider ("ISP") for the limited purpose of discovering Defendant's identity so as to be able to effectuate service upon the Defendant and proceed with the case. (ECF No. 8.) Largely for the reasons set forth in Plaintiff's memorandum, the motion is granted subject to the following limitations. These limitations arise out of concerns regarding the potentially coercive effect of public disclosure of the Defendant's identity and the attendant impact on the due administration of justice. *See, e.g.*, *Malibu Media, LLC v. Doe*, 2015 WL 4092417 (S.D.N.Y. July 6, 2015); *Malibu Media, LLC v. Doe*, 2015 WL 1780965 (S.D.N.Y. Apr. 10, 2015); *Malibu Media, LLC v. Doe*, 2015 WL 4923114 (S.D.N.Y. Aug. 18, 2015).

Upon receiving the information subpoenaed, the Plaintiff shall not initiate settlement discussions with the Defendant prior to effectuating service upon the Defendant.

Further:

1. Plaintiff may subpoena Defendant's ISP only to obtain Defendant's name and address, but not Defendant's e-mail addresses or telephone numbers. Plaintiff may only use Defendant's name and address, if obtained by Defendant's ISP, for the purposes of this litigation; Plaintiff is ordered not to disclose Defendant's name or address, or any other identifying information other than Defendant's ISP number. Plaintiff shall not threaten to disclose any of Defendant's identifying information. Plaintiff shall not publicly file any of Defendant's identifying information and shall file all documents containing Defendant's identifying information under seal until such time for the Defendant to seek an order permitting the Defendant to proceed anonymously has passed.

2. Plaintiff may immediately serve a Rule 45 subpoena on Defendant's ISP to obtain Defendant's name and current and permanent address. Plaintiff shall serve Defendant's ISP with a copy of the complaint, this Order, and the subpoena.

3. After having been served with the subpoena, the ISP shall, within 30 days of such service, provide Defendant John Doe with:

    a. A copy of the subpoena, the complaint filed in this lawsuit, and this Order; and

    b. Notice that the ISP will comply with the subpoena and produce to plaintiff the information sought in the subpoena unless, within 60 days of said notice, defendant files a motion to quash the subpoena or for other appropriate relief in this Court. Notice may be accomplished by any reasonable means, including in writing sent to his or her last known address transmitted either by first class mail or overnight service.

4. Defendant John Doe shall have 60 days from his receipt of the Rule 45 subpoena and this Order to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. The ISP may not turn over the identifying information of Defendant to Plaintiff before the expiration of that 60-day period. Additionally, if Defendant or the ISP files a motion to quash or modify the subpoena, or a request to litigate the subpoena anonymously, the ISP may not turn over any information to Plaintiff until the issues have been addressed and the Court issues an order instructing the ISP to resume turning over the requested discovery.

5. Defendant's ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

6. Defendant's ISP shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. If Defendant's ISP receives a subpoena and elects to charge for the costs of production, it shall provide a billing summary and cost report to Plaintiff.

7. Any information ultimately disclosed to plaintiff in response to a Rule 45 subpoena may be used by plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its complaint.

**SO ORDERED** at Bridgeport, Connecticut, this 10th day of January 2019.

/s/ *KARI A. DOOLEY*
Kari A. Dooley
United States District Judge